IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, #K03716, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:20-cv-01221-SMY |
| ) | |
| VIPIN SHAH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ramon Clark, an inmate of the Illinois Department of Corrections currently incarcerated at Robinson Correctional Center ("Robinson"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts a violation of the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): After Plaintiff transferred to Robinson, he advised the nurse during his medical evaluation that he had been suffering from testicular pain for two years. The nurse scheduled an appointment with Dr. Shah but it did not take place. He complained to the prison psychiatrist and a referral was made for Dr. Shah to evaluate him.

1

Plaintiff finally saw Dr. Shah approximately 35 days after he had reported his testicular pain to the nurse. During the appointment, Dr. Shah told him that he did not take referrals from a psychiatrist and he would need to submit a nurse sick call request. Plaintiff filed an emergency grievance which was forwarded to Health Care Administrator Phil Martin. Martin scheduled Plaintiff for an evaluation with Dr. Shah.

Plaintiff saw Dr. Shah for an evaluation 42 days after reporting the testicular pain. Dr. Shah noted that Plaintiff had a lump on his testicle, that an ultrasound showed a cyst, and that he had received pain medication in the past. Dr. Shah let Plaintiff know he was unhappy that Plaintiff had reported issues with him to the assistant warden and health care administrator. After reviewing Plaintiff's medical records from Centralia Correctional Center, Dr. Shah concluded that Plaintiff just needed pain medication and scheduled him for a follow-up in 30 days. Despite the fact that Plaintiff's medical condition was beyond the capacity of Robinson's health care unit, Dr. Shah did not refer Plaintiff off-site for a proper evaluation. Instead, he persisted in a course of treatment known to be ineffective. Plaintiff continued to suffer excruciating pain.

Plaintiff was not seen for a 30-day follow-up and had to make a nurse sick call visit to get an appointment with Dr. Shah. During his second appointment with Dr. Shah, Plaintiff advised him the medication he prescribed did nothing to alleviate his pain and that pain medication had not helped in the past. Dr. Shah continued the pain medication and told Plaintiff he would have to learn to deal with it because it was all he could do for him.

For two years after his transfer to Robinson, Plaintiff continued to suffer excruciating testicular pain and repeatedly sought treatment. He was provided ineffective pain medication and denied treatment at times. He filed multiple grievances and contacted a medical agency in charge of monitoring prisoner health care. The agency spoke with Dr. Shah regarding Plaintiff's

complaints. Within a month, Plaintiff was sent off-site to be evaluated by a urologist. During the evaluation, the urologist asked him a few questions and performed a manual examination of Plaintiff's left testicle. Within minutes, the urologist diagnosed Plaintiff with chronic epididymitis, a condition that causes severe pain and is unrelated to Dr. Shah's diagnosis of a painless benign cyst. Pain from chronic epididymitis is nerve related and pain medication does not relieve the pain. The condition can only be treated by surgery. Two years after his first meeting with Dr. Shah, Plaintiff had surgery and his pain was alleviated within weeks.

Based on the allegations in the Complaint, the Court designates the following claim:

**Count 1:** **Eighth Amendment claim against Dr. Shah for deliberate indifference to Plaintiff's serious medical needs regarding his testicular pain including failing to send Plaintiff to a specialist and continuing a course of treatment known to be ineffective.**

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Discussion

Prison medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to his medical needs. *Id. See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the

delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011). "A prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Id.* at 754. Further, a failure to refer a prisoner to a specialist may constitute deliberate indifference if the choice is "blatantly inappropriate." *See Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014).

Based on these standards, the allegations in the Complaint are sufficient to state a viable deliberate indifference claim against Dr. Shah.

## Disposition

Count 1 of the Complaint (Doc. 1) may proceed against Vipin Shah. The Clerk of Court shall prepare for **VIPIN SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: March 15, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint.  After service has been achieved, the Defendant will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date

of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**