IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, #K03716 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-1221--RJD |
| | ) |
| VIPIN SHAH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on two motions filed by Plaintiff (Docs. 26 and 28). Plaintiff, formerly incarcerated at Robinson Correctional Center, filed this lawsuit pursuant to 42 U.S.C. §1983. He alleges that Defendant Vipin Shah, M.D., violated his Eighth Amendment rights by treating his testicular pain with deliberate indifference from August 2018-August 2020.

**Motion to Compel (Doc. 26)**

Plaintiff contends that Dr. Shah improperly answered three Interrogatories. Interrogatory #1 asks Dr. Shah to explain "why….[y]ou referred to plaintiff's complaints of testicle pain, on record, as 'subjective complaints of pain.'" Dr. Shah objected on the basis that the Interrogatory was vague because it did not provide context regarding the occasion to which Plaintiff was referring. Dr. Shah then explained generally what a physician means by "subjective complaints of pain" (Doc. 26, p. 4). There is nothing improper about this response. Dr. Shah's objection makes it clear that he cannot explain what he meant in a particular note or record without knowing the record or note to which Plaintiff was referring. Without being pointed to a specific date or

medical record, it was appropriate for Dr. Shah to explain generally what "subjective complaints of pain" means to him as a physician.

Interrogatory #2 asks Dr. Shah to "explain why it took from August 30, 2018 to July 27, 2020 to refer Plaintiff to see a urologist." Dr. Shah objected that it was unduly burdensome to condense two years of medical treatment and multiple visits into an Interrogatory response, but then gave a condensed summary of Plaintiff's medical condition, subjective complaints, and treatment during that two year period (*Id.*, p. 5). Dr. Shah also explained that the cyst on Plaintiff's left testicle was present for over two years before he started treating Plaintiff (*Id.*). Dr. Shah's answer appears to be thorough and responsive, and to the extent Plaintiff wanted more specific information, e.g., why Dr. Shah ordered (or failed to order) certain treatment on a certain date, Dr. Shah's objection directs Plaintiff to ask a more specific Interrogatory.

For Interrogatory #4[1], Plaintiff states that Dr. Sibley (a urologist) "told Plaintiff pain medication and antibiotics do[] nothing to alleviate the pain of chronic epididymitis" and asks Dr. Shah whether he consulted with a specialist regarding Plaintiff's testicle pain during the two-year period. Dr. Shah objected to the statement attributed to Dr. Sibley as "hearsay" and an "ostensible expert opinion," but then explains that he consulted with a specialist during that time period by sending Plaintiff to Dr. Sibley, who recommended a left epidectomy (*Id.*, p. 5, 6). While Dr. Shah's objections are better suited for the issue of admissibility, he nonetheless answered the Interrogatory (whether a consult occurred and what was the outcome) and nothing before the Court suggests that his answer is evasive or incomplete.

In sum, none of the information before the Court suggests Dr. Shah's objections and

---

[1] In one paragraph in his Motion to Compel, Plaintiff refers to "Interrogatory #3" but then describes the Interrogatory consistently with what is asked in Interrogatory #4. The Court therefore addresses Interrogatory #4 because Plaintiff also refers to it in the introduction of the Motion to Compel.

answers to Plaintiff's Interrogatories #1, #2, and #4 are improper and therefore Plaintiff's Motion to Compel is DENIED.

**Motion to Amend Court Filing Fees (Doc. 28)**

Plaintiff explains that over the last nine years, he has filed multiple §1983 cases while incarcerated within the Illinois Department of Corrections. He was granted *in forma pauperis* status on these cases, so he was able to pursue them without paying the initial fee that would otherwise be due in its entirety upon filing his Complaint. Instead, he pays the filing fees in monthly installments. 28 U.S.C. §1915(b). For each case, he must remit 20% of the preceding month's income until the filing fee is paid in full-even if he has five or more cases and therefore 100% of his income must be remitted to the Court by the agency having custody over him. *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2005) *and Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). Plaintiff is currently residing at "Crossroads Adult Transitions Center", a work release center that apparently controls his funds and, according to Plaintiff, is forwarding a substantial portion of his funds to the Court to pay off his filing fees.

Plaintiff asks the Court to "consider his good faith efforts throughout the past nine years in faithfully paying off the fees" and enter an Order that either waives some of his remaining filing fees, or that allows him to just make monthly payments on one case at a time. Plaintiff's filing fee in this case is already paid in its entirety, and even if it was not, the Court does not have the authority to issue either order in this case (and certainly not in Plaintiff's other cases before other judges). 28 U.S.C. §1915(b)(2). The Court appreciates that Plaintiff has diligently made monthly payments on his cases for the last nine years, but that is what is required of him by statute. *Id*. Plaintiff's Motion to Amend Court Filing Fees (Doc. 28) is DENIED.

**IT IS SO ORDERED.**

**DATED: November 7, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**