IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, #K03716 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-1221--RJD |
| | ) |
| VIPIN SHAH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, formerly incarcerated within the Illinois Department of Corrections, filed this lawsuit in forma pauperis and pursuant to 42 U.S.C. §1983. He alleges that from July 2018-July 2020 at Robinson Correctional Center, Dr. Vipin Shah was deliberately indifferent to his severe pain caused by a testicular cyst. Doc. 8. Plaintiff's Complaint contains one Eighth Amendment claim against Dr. Shah. *Id*.

Plaintiff was incarcerated when he filed the lawsuit pro se on November 11, 2020. Doc. 1. Following the Court's preliminary review of his Complaint under 28 U.S.C. §1915 and resolution of the issue of administrative remedy exhaustion, the Court entered a Scheduling Order on December 8, 2021 that allowed the parties' until October 7, 2022 to conduct discovery on the merits of Plaintiff's claim against Dr. Shah. Doc. 21. Also in December 2021, Plaintiff was released from prison. Doc. 22. The parties conducted written discovery and Plaintiff was deposed by Dr. Shah's counsel. Defendant Shah filed a Motion for Summary Judgment on November 8, 2022. Doc. 30. The Court denied Defendant's motion and conducted a settlement

conference on December 7, 2023 (after the parties' informed the Court they were willing to participate in settlement negotiations). Counsel entered his appearance on behalf of Plaintiff approximately three weeks prior to the settlement conference. The parties ultimately did not reach a settlement agreement. Plaintiff's counsel then filed a Motion for Leave to Re-Open Discovery, and the Court set this case for a jury trial on April 2, 2024. Docs. 58 and 59.

In his Motion for Leave to Re-Open Discovery, Plaintiff informs the Court that, if granted leave, he intends to depose Dr. Shah and one of Plaintiff's treating physicians and otherwise be allowed "to develop the facts of the case more thoroughly." Defendant does not object to giving his own deposition, but objects to conducting additional discovery. The Court agrees with Defendant that, while deposing Dr. Shah will allow the parties to prepare more efficiently for trial, additional discovery is improper in this case that is already more than three years old. Prior to retaining an attorney, Plaintiff had 10 months to conduct discovery (mostly while he was out of prison), and never moved the Court to appoint counsel for him, nor did he otherwise retain counsel during that time. Any discovery beyond Dr. Shah's deposition will most likely delay trial. Plaintiff is granted leave to conduct Dr. Shah's deposition, but his Motion for Leave to Re-Open Discovery (Doc. 58) is otherwise DENIED.

**IT IS SO ORDERED.**

**DATED: January 26, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**