IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   20-cv-1221-RJD |
| ) | |
| VIPIN SHAH, M.D., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motions in Limine (Doc. 67), to which Plaintiff responded (Doc. 74).  Plaintiff filed his own Motions in Limine (Doc. 70), to which Defendant responded (Doc. 73).   Evidence may be excluded in limine if the movant establishes "that the evidence is inadmissible on all potential grounds." *Betts v. City of Chicago, Ill*., 784 F. Supp. 2d 1020 (N.D. Ill. 2011).   Rulings in limine may be reconsidered during trial "as the case unfolds" and "even if nothing unexpected happens at trial."  *Id*., *quoting Farfaras v. Citizens Bank & Trust of Chi*., 433 F.3d 558, 565 (7th Cir. 2006).

**Defendant's Motions in Limine (Doc. 67)**

1. **Insurance**

2. **Medical treatment provided to other inmates**

Plaintiff has no objections to Defendant's Motions in Limine 1 and 2. Defendant's Motions in Limine 1 and 2 are GRANTED.

3. **Prior bad acts**

4. **Statements made by non-party medical providers**

5. **Expert testimony by non-expert witnesses**

In his Motions in Limine Nos. 3-5, Defendant does not point the Court to specific, problematic testimony and evidence that are the subject of those motions.  Without that information, Defendant is essentially asking the Court to order Plaintiff to follow the Federal Rules of Evidence, which is unnecessary.   Defendant's Motions in Limine Nos. 3-5 are DENIED.

6. **Medical or technical literature**

Neither party lists any medical or technical literature in their pretrial disclosures nor the Exhibit List submitted to the Court. Defendant's Motion in Limine No. 6 is DENIED AS MOOT.

7. **Grievances and letters written by Plaintiff**

Generally, the Court is inclined to find that the hearsay rule prohibits Plaintiff from introducing his own statements within grievances, legal documents, and correspondence as evidence. Regardless, without being directed to a particular grievance or correspondence, the Court cannot find that these documents are inadmissible for any purpose.   Defendant's Motion in Limine No. 7 is TAKEN UNDER ADVISEMENT.

8. **Settlement discussions**

Plaintiff does not object.   Defendant's Motion in Limine No. 8 is DENIED.

9. **Prison and/or Wexford Health Sources, Inc. protocols**

The parties do not list any Wexford Health Sources, Inc. or Illinois Department of Correction

polices in their pretrial disclosures, but Plaintiff objects to this motion. The Court agrees that whether Dr. Shah followed a prison directive or Wexford policy may not be relevant to the issue of whether he was deliberately indifferent to Plaintiff's serious medical need. To the extent Plaintiff intends to ask Dr. Shah about a Wexford or IDOC directive on cross examination, he should raise that issue with the Court prior to Dr. Shah' testimony and outside the presence of the jury.  Defendant's Motion in Limine No. 9 is TAKEN UNDER ADVISEMENT.

**10. Any documents or evidence not produced in discovery**

In response, Plaintiff states that he intends to follow the Federal Rules of Civil Procedure. Defendant's Motion in Limine No. 10 is DENIED AS MOOT.

**11. Wexford Health Sources, Inc. is a "for-profit corporation" or is "big, evil, or bad"**

**12. Failure to call endorsed witnesses**

**13. Defendant is responsible for actions or inactions of another individual**

**14. The size of the law firm representing Defendant; time and money spent on defense**

**15. "Golden rule" arguments or testimony**

Plaintiff has no objection to Defendant's Motions in Limine Nos. 11-15, other than to ask that Motion #12 apply to both parties.   Defendant's Motions in Limine Nos. 11, 12, 13, 14, and 15 are GRANTED. Neither party shall refer to the other party's failure to call an endorsed witness.

**16. Dr. Shah's state of mind**

To establish that Dr. Shah violated Plaintiff's Eighth Amendment rights, Plaintiff must prove that Dr. Shah acted with a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).   The Court does not intend to allow Plaintiff to speculate regarding

Dr. Shah's state of mind, but Defendant has not identified specific testimony or evidence in which the Court could evaluate whether Plaintiff is speculating.  Defendant's Motion in Limine No. 16 is therefore TAKEN UNDER ADVISEMENT.

Plaintiff's Motions in Limine

1. **Evidence of criminal convictions**

Plaintiff asks that the Court bar in limine evidence of his crimes, charges, underlying facts of the charges, and length of his sentences.  The parties agree that the jury may hear that Plaintiff was convicted of a felony and incarcerated at certain times relevant to this case, which is the undersigned's typical practice in §1983 cases involving conditions of confinement.  Plaintiff's Motion in Limine No. 1 is GRANTED.  For purposes of impeachment, Defendant may introduce evidence that Plaintiff was convicted of a felony for which he was incarcerated at certain times relevant to this case, but may not introduce evidence of any specific crime(s) or the length of Plaintiff's sentence(s).

2. **Evidence of other lawsuits and grievances filed by Plaintiff**

Defendant has no objection.   Plaintiff's Motion in Limnie No. 2 is GRANTED.

3. **References to Plaintiff as a convict, felon, offender, criminal, prisoner, or other similar terms**

Plaintiff requests that the Court bar Defendant from gratuitously referring to Plaintiff as a "felon" or "convict" or "offender" or "criminal" or "prisoner."  Defense counsel has no objection to referring to Plaintiff by his name during opening and closing arguments.  However, the Court declines to enter an order in limine prohibiting all witnesses and evidence that refer to Plaintiff as an "inmate" or "offender."  Plaintiff *was* incarcerated at the time of the events in question, his incarceration is what gives rise to his Constitutional claim against Defendant, and it is impractical

for the Court to order that no witnesses or evidence refer to Plaintiff as an inmate. Plaintiff's Motion in Limine No. 10 is GRANTED to the extent that counsel shall not refer to Plaintiff as "an inmate" or "prisoner" or "offender" during opening statements or closing arguments; neither counsel nor Dr. Shah shall refer to Plaintiff as a "convict" or a "felon" or a "criminal" at any time during the trial. Plaintiff's Motion in Limine No. 10 is OTHERWISE DENIED.

4. **Unrelated discipline**

Defendant has no objection. Plaintiff's Motion in Limine No. 4 is GRANTED.

**IT IS SO ORDERED.**

**DATED: March 29, 2024**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
